# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRICKLAYERS & ALLIED CRAFTWORKERS :
LOCAL 1 OF PA/DE :
2706 Black Lake Place :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE : Case No.
JOINT APPRENTICE AND TRAINING FUND :
2704 Black Lake Place :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
ANNUITY FUND :
2704 Black Lake Place :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
PENSION FUND :
2704 Black Lake Place :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYERS & ALLIED :
CRAFTWORKERS LOCAL 1 OF PA/DE :
HEALTH & WELFARE FUND :
2704 Black Lake Place :
Philadelphia, PA 19154 :
:
and :
:
TRUSTEES OF BRICKLAYER & TROWEL :
TRADES INTERNATIONAL PENSION FUND :
620 F Street, N.W., Suite 700 :
Washington, D.C. 20004 :

Plaintiffs, :

v. :

STRUC-TITE RESTORATION, INC. :
1239 South Harmony Street :
Philadelphia, PA 19146 :

and :

DIANE NUZZI :
1239 South Harmony Street :
Philadelphia, PA 19146 :
Defendants. :

**COMPLAINT**

**(TO COLLECT AMOUNTS DUE TO EMPLOYEE BENEFIT PLANS, TRUST FUNDS, AND LABOR UNION; FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1. Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Joint Apprentice and Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Joint Apprentice and Training Fund is administered at 2704 Black Lake Place, Philadelphia, PA

19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health & Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health & Welfare Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The Plaintiffs Boards of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund, the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund, the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund, and the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund shall be referred to collectively as the "Local Trust Funds."

7. Plaintiffs the Board of Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The International Trust Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The International Trust Fund is administered at 620 F Street, N.W., Suite 700, Washington, D.C. 20004. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21). The International Trust Fund and the Local Trust Funds will be referred to collectively as the "Benefit Fund Plaintiffs."

8. Defendant Struc-Tite Restoration, Inc. ("Struc-Tite") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1239 South Harmony Street, Philadelphia, PA 19146. Struc-Tite is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant Struc-Tite is also an employer within the meaning of Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

9. Upon information and belief, Defendant Diane Nuzzi is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Nuzzi in her individual capacity as well as in her capacity as an officer, owner and/or other authorized representative of Struc-Tite. Upon information and belief, Nuzzi exercises control and discretion over the payroll of Struc-Tite, including decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA" or "Collective Bargaining Agreement"), Trust Documents, or as authorized by the employees of Struc-Tite. As such, Nuzzi is a fiduciary to BAC Local 1, the Local Trust Funds and the International Trust Fund as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## Jurisdiction

10. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans under the terms of the Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner individually, and for breach of fiduciary duty.

11. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Local Trust Funds are located and administered.

12. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

**COUNT I**
**(UNPAID AMOUNTS OWED TO PLAINTIFFS)**

13. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14. Struc-Tite executed an agreement through an authorized bargaining representative agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust at all relevant times.

15. Pursuant to the Collective Bargaining Agreement, the Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the CBA.

16. Struc-Tite employed employees covered by the CBA during the period July 2026 through September 2026.

17. Defendant failed to pay all contributions and other amounts owed to the Union and the Benefit Fund Plaintiffs for work performed during the period July 2026 through September 2026, as required by the CBA and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

18. Defendant Struc-Tite owes contributions and other amounts to the Plaintiffs in the amount of $72,892.60 pursuant to remittance reports submitted by Struc-Tite to the Plaintiffs.

19. Pursuant to the CBA, Struc-Tite is obligated to pay these contributions and other amounts to the Plaintiffs.

20. The Benefit Fund Plaintiffs' Agreements and Declarations of Trust and Section 502(g)(2) of ERISA provide that an employer who fails to pay the amounts when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date each contribution was due, but not paid, through the date of payment.

21. The Benefit Fund Plaintiffs' Agreements and Declarations of Trust and Section 502(g)(2) of ERISA also provide for reasonable attorneys' fees and court costs.

22. The Benefit Fund Plaintiffs' will also seek a judgment in this action against Defendant Struc-Tite for all contributions, interest, liquidated damages, attorneys' fees, and costs that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**COUNT II**
**(BREACH OF FIDUCIARY DUTY)**

23. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in Count II.

24. Defendant Nuzzi was and is responsible for creating and operating Struc-Tite and determining the total amount of employer contributions to report and pay to the Plaintiffs from Struc-Tite's assets.

25. Defendant Nuzzi commingled assets of Struc-Tite payable to the Plaintiffs with the general assets of Struc-Tite and used those assets for purposes other than to pay the Plaintiffs.

26. Defendant Nuzzi exercised authority and control over the Benefit Fund Plaintiffs' plan assets and, as a result, is a fiduciary as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

27. The amounts due, unreported, and/or unpaid by Defendant Struc-Tite are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Restated Agreements and Declarations of Trust.

28. The factual contentions in Paragraphs 24-26 of this Complaint are based upon reasonable belief.

**WHEREFORE**, Plaintiffs pray for judgment on Counts I and II as follows:

A. That the Court finds Struc-Tite and Nuzzi jointly and severally liable in the amount of contributions, interest, liquidated damages, and other amounts owed under the Collective Bargaining Agreements and Restated Agreements and Declarations of Trust to the Plaintiffs for the period July 2026 through September 2026.

B. For reasonable attorneys' fees and costs incurred in bringing and prosecuting the instant lawsuit against Struc-Tite and Nuzzi, jointly and severally.

C. For such contributions, interest, liquidated damages, reasonable attorneys' fees, costs, and other amounts that may accrue and/or are found to be due and owing to the Plaintiffs after September 2026, subsequent to the filing of this Complaint, during the pendency of this action, and up through the date of judgment.

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: November 12, 2026

/s/ Kathleen Bichner
Kathleen Bichner, Bar No. 320946
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA 19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 12th day of November 2026 on the following:

Internal Revenue Service
Office of the Associate Chief Counsel, CC:EEE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
for Plan Benefits Security

s/ Kathleen Bichner
Kathleen Bichner